UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS ELECTRIC COOPERATIVE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. V-06-28 |
| DRESSER-RAND COMPANY | § § § | |
| Defendant. | § | |

**ORDER**

Pending before the Court is Plaintiff South Texas Electric Cooperative's ("STEC" or "Plaintiff") Post-Appeal Application for Appellate Attorney's Fees. (Dkt. No. 86). After considering the motion, response, reply, surreply, record, and applicable law, the Court is of the opinion that the motion should be DENIED.

**Factual and Procedural History**

On March 4, 2008, this Court entered final judgment after the jury returned verdicts in favor of STEC on its breach of contract and breach of express warranty claims against Defendant Dresser-Rand Company ("Dresser-Rand" or "Defendant"). (Dkt. No. 56). On June 23, 2008, the Court granted STEC's unopposed Motion for Recovery of Attorney's Fees, (Dkt. No. 55), in the amount of $334,325.00. (Dkt. No. 71). STEC's Motion for Recovery of Attorney's Fees, (Dkt. No. 55), filed on March 3, 2008, did not state that appellate attorneys' fees were being sought or that they would be sought in the future.

After the Court awarded attorneys' fees, Dresser-Rand filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. (Dkt. No. 72). The Fifth Circuit affirmed the judgment of this Court and issued its judgment as mandate on July 31, 2009. (Dkt. Nos. 82 & 83). On October

26, 2009, almost two years after this Court entered final judgment, STEC requested appellate attorney fees in the amount of $127,326.50.  (Dkt. No. 86).

## Applicable Law

In a federal case predicated on diversity jurisdiction—like the instant case—"state law governs the award of attorney's fees." *Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990) (citation omitted); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  "Under Texas law, when a prevailing party in a breach of contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees . . . and the plaintiff has been awarded damages."  *Mathis*, 302 F.3d at 462 (citing Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)).  The same rule applies to express warranty actions.  *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 63 (Tex. 2008).  Texas law provides that a party entitled to recover attorneys' fees at trial is entitled to recover fees for successfully defending the judgment on appeal.  *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003).

However, Federal Rules of Civil Procedure Rule 54(d) establishes the procedural framework for recovering attorneys' fees in a diversity action tried on the basis of state law.  *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765-66 (5th Cir. 1996).  Rule 54(d) provides: "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the [district court's] entry of judgment . . . [and] state the amount sought or provide a fair estimate of it . . . ."  Fed. R. Civ. P. 54(d)(2)(B); *see also* Fed. R. Civ. P. 1 (stating Federal Rules of Civil Procedure "govern the procedures . . . and proceedings in the United States district courts").

The issue presented by Plaintiff's Post-Appeal Application for Appellate Attorney's Fees is whether Rule 54(d) precludes requests for appellate attorneys' fees made after an appeal is complete—and not within 14 days of a district court's entry of judgment—when the prevailing party

in the district court also prevails on appeal. The Court holds that requests for appellate attorneys' fees made outside the 14-day window provided for in Rule 54(d) by a prevailing party in the district court, who also prevails on appeal, are untimely.

STEC cites several cases for the proposition that "[t]he issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal." *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.,* 334 F.3d 423, 433 (5th Cir. 2003); *Penton v. Am. Bankers Ins. Co.*, 115 F. App'x 685, 687 (5th Cir. 2004) ("Now that this court has ruled in favor of the Pentons in the underlying appeal, the matter of their appellate attorney's fees will be ripe for adjudication by the district court"); *Cyiark v. City of Houston*, 976 F. Supp. 591, 598-99 (S.D. Tex 1996) ("Plaintiff's request for attorneys' fees in the event Defendant appeals the judgment is premature under the circumstances of this case. Such fees must be determined after completion of the appeal."). However, *Instone*, *Penton,* and *Cyiark* do not answer the question of whether Rule 54 applies to requests for appellate attorneys' fees. Rather, those cases only answer the question of when a motion for appellate attorneys' fees is ripe. In fact, the relevant parties in *Instone*, *Penton,* and *Cyiark* requested appellate attorneys' fees before the Court of Appeals made any rulings.

STEC argues that it would be counterintuitive to require motions for appellate fees to comply with Rule 54, as such a request would be "unripe" and speculative until the appeal is complete. *See Instone* 334 F.3d at 433. However, the fact that a motion for appellate attorneys' fees is not ripe when it must be raised under Rule 54 does not excuse a party from failing to comply with required procedures under the Federal Rules. In fact, Rule 54 contemplates that some motions for attorneys' fees will not be ripe for adjudication when they are brought to the attention of the court. Rule 54 only requires the party requesting attorneys' fees to provide a "fair estimate" of its fees, Fed. R. Civ. P. 54(d)(2)(B)(iii), and the advisory committee notes to the 1993 amendments state that the rule "does

not require that the motion be supported at the time of filing with evidentiary material bearing on the fees," *id*. advisory committee's note on 1993 amendments. What Rule 54 does require is "the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." *Id.* Moreover, the commentary to Rule 54 provides that:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

Fed. R. Civ. P. 54 advisory committee's note on 1993 amendments.

The 14-day deadline ensures that the fee opponent has notice of the fee motion prior to the expiration of the time to appeal. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996) (citation omitted). The deadline also allows a court to "make its fee ruling in time to allow appellate review at the same time as review on the merits," *id*., as this will often eliminate the need for a second appeal.

Plaintiff also looks to *Dippin' Dots, Inc. v. Mosey*, 602 F. Supp. 2d 777, 782-83 (N.D. Tex. 2009) for support. In *Dippin' Dots*, after a second appeal, one of the defendants requested additional attorneys' fees for work performed defending against the second appeal. *Id.* at 781. The *Dippin' Dots* court held that the defendant's motion for attorneys' fees was not subject to Rule 54. *Id.* at 782. In support of its holding, the *Dippin' Dots* court cited *Turic v. Holland Hospitality, Inc.*, No. 94-1424/94-1467, 1996 U.S. App. LEXIS 25291 (6th Cir. Sept. 17, 1996). The *Turic* court characterized Rule 54

as only applying to a "motion [for attorney's fees accrued at the trial level]," *id.* at *3 (alteration in original), and stated that "there appears to be no guidance that addresses the time frame within which to file a motion for fees accrued for appellate services," *id.*

Defendant, on the other hand, points out that *Dippin' Dots* failed to consider that Rule 54(d) contemplates requests for appellate attorneys' fees, does not require a party to quantify his fees, and does not require a judge to rule on fee requests at the time of the motion. Fed. R. Civ. P. 54(d); *d.* advisory committee's note on 1993 amendments. Defendant also notes that *Dippin' Dots* is contrary to *Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, 73 F. App'x 78 (5th Cir. 2003). In *Intercargo*, the defendant requested appellate attorneys' fees after the appeal was complete, *id.* at *1. The Fifth Circuit stated that "Intercargo's request for attorneys' fees generated by the appeal [wa]s untimely in two ways. No prospective request for such fees was included in Intercargo's initial fee motions in the district court, and Intercargo failed to request such fees during the first appeal." *Id.* at *2. The Court reads this opinion as requiring requests for appellate fees to comply with Rule 54(d).

The Court has uncovered two cases that suggest the "judgment" articulated in Rule 54(d) refers to either the mandate or opinion of the court of appeals when appellate attorneys' fees are involved. *See DeRusha v. Detroit Jewish News and Style Magazine*, No. 02-73030, 2007 WL 778488, at *2, *9-11 (E.D. Mich. Mar. 12, 2007); *Barghout v. Bureau of Kosher Meat and Food Control*, 141 F.3d 1157, at *1-*3 (4th Cir. 1998). The Court finds that such a reading of Rule 54(d) does not comport with the Federal Rules of Civil Procedure as a whole. While the Court does not agree with the ultimate conclusion of the *Dippin' Dots* court, it does agree with its analysis regarding what constitutes a "judgment" with respect to Rule 54(d). *Dippin' Dots*, 602 F. Supp. 2d at 781-82. Because the Federal Rules "govern the procedures in all civil actions and proceedings in the *United States district courts*," Fed. R. Civ. P. 1 (emphasis added), the Court finds that "judgment" in Rule 54(d) refers to a judgment

of the district court.

## Analysis

Because the Court holds that appellate attorneys' fees are subject to the procedural requirements of Rule 54(d), it must determine whether STEC complied with those procedural requirements. This Court entered final judgment on March 4, 2008. (Dkt. No. 56). STEC filed the instant motion on October 26, 2009. Because this motion was filed more than 14 days after the entry of final judgment, it is not timely. Moreover, STEC's first motion for attorneys' fees, filed <u>before</u> this Court entered final judgment, did not seek appellate attorneys' fees, indicate that appellate attorneys' fees would be sought in the future, state the amount of any future fees, or provide a fair estimate of any future fees. Accordingly, STEC did not comply with the requirements of Rule 54(d), and an award of attorneys' fees is not appropriate.

## Conclusion

For the reasons stated above, STEC's Post-Appeal Application for Appellate Attorneys' Fees is DENIED.

It is so ORDERED.

SIGNED this 5th day of May, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE